# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES R. WHITE, JR., | ) | CASE NO. 1:10-cv-00042 GSA PC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) ) | WITHIN THIRTY DAYS |
| MATTHEW CATE, et al., | ) | (Doc. 1) |
| Defendants. | ) ) | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.    Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Sierra Conservation Center at Jamestown (SCC), brings this civil rights action against the following individual defendants: Matthew Cate, the Secretary of the CDCR; SCC Warden F. Chavez; SCC Chief Medical Officer J. St. Clair, M.D. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment.

Plaintiff injured his right hand in a fall on October 4, 2008. (Compl. ¶ IV.) Plaintiff was seen by three different orthopedic surgeons. Plaintiff, unsatisfied, filed an inmate grievance. Defendant Dr. St. Clair partially granted the grievance. (Id.) Plaintiff appealed that response to a higher level, "which was once again denied." (Id.) Plaintiff's appeal was ultimately denied at the

1  final level of review. Plaintiff contacted the Prison Law Office, which contacted the prison. They
2  were told that Plaintiff "would be seeing an orthopedic physician soon."

3  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
4  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
5  law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives
6  another of a constitutional right, where that person 'does an affirmative act, participates in another's
7  affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
8  the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
9  (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection
10 can be established not only by some kind of direct, personal participation in the deprivation, but also
11 by setting in motion a series of acts by others which the actors knows or reasonably should know
12 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

13  **A.  Eighth Amendment Medical Care Claim**

14  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
15 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
16 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part
17 test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
18 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
19 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
20 deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
21 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
22 Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a
23 purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
24 by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

25  Here, Plaintiff has failed to allege facts indicating that any of the named defendants engaged
26 in conduct that constitutes deliberate indifference. The Court finds Plaintiff's allegations to be vague
27 and conclusory. In order to hold each individual defendant liable, Plaintiff must charge each
28 defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's

health, resulting in injury to Plaintiff. Although Plaintiff has alleged facts indicating that he was injured, he has not alleged any facts indicating that any of the defendants failed to respond to his injury. The facts of the complaint, taken as true, indicate that Plaintiff was seen, on three separate occasions, by an orthopedic surgeon. That Plaintiff may disagree with the course of his treatment does not state a claim for relief under section 1983. Neither "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), nor a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). This claim must therefore be dismissed.

### B. Supervisory Defendants

All of the named defendants are employed in supervisory positions. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts indicating that any of the defendants personally participated in the deprivation of his rights.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George,

1  507 F.3d at 607 (no "buckshot" complaints).

2      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
3  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
4  Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
5  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
6  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

7      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
8  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
9  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
10 pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
11 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
12 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
13 1474.

14     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

15     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

16     2.    The Clerk's Office shall send to Plaintiff a complaint form;

17     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
18     amended complaint;

19     4.    Plaintiff may not add any new, unrelated claims to this action via his amended
20     complaint and any attempt to do so will result in an order striking the amended
21     complaint; and

22     5.    If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with
23     prejudice, for failure to state a claim.

26     IT IS SO ORDERED.

27     Dated:   **March 29, 2011**              /s/ **Gary S. Austin**
28                                                   UNITED STATES MAGISTRATE JUDGE