UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. WHITE, JR.,<br><br>        Plaintiff,<br><br>   v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants.<br>_____/ | 1:10-cv-00042-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 8) |

     Plaintiff Charles R. White, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the Magistrate Judge handling all matters in this action. (Consent, ECF No. 5.)

     On May 9, 2011, the Court issued an Order to Show Cause, ordering Plaintiff to file an amended complaint, by June 13, 2011. (Order, ECF No. 8.)  In the alternative, Plaintiff was to show cause as to why his case should not be dismissed for failure to comply with a Court order and failure to state a claim. (Id.)  The June 13, 2011 deadline has passed and Plaintiff has not complied with or otherwise responded to the Court's Order.  Plaintiff has not filed an amended complaint or shown cause why his case should not be dismissed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of

1 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
2 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
3 fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
4 outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's
5 warning to a party that his failure to obey the court's order will result in dismissal satisfies
6 the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
7 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly
8 stated: "[F]ailure to meet this [June 13, 2011] deadline will result in the immediate
9 dismissal of this action." (Order, ECF No. 8.)  Thus, Plaintiff had adequate warning that
10 dismissal would result from his noncompliance with the Court's Order.

11 Accordingly, the Court hereby ORDERS that this action be dismissed without
12 prejudice for failure to comply with the Court's May 9, 2011 Order. (Order, ECF No. 8.)

14 IT IS SO ORDERED.
15 Dated: July 20, 2011                          /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE